```
ROBERT J. REYNOLDS P.S.
514 North 1st Street Ste. A
Yakima, WA 98901
Tel: (509)453-0313
Fax: (509)453-0314
```

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 08 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JORGE ARROYO PULIDO,           )
a single person,                )
                                )
         Plaintiff,             )   NO. **CV-10-3069-RMP**
                                )
    vs.                         )   COMPLAINT FOR VIOLATION
                                )   OF 15 USC 1692 AND
AFNI INC.,                      )   RCW 19.86.020
a debt collection agency and    )
QWEST COMMUNICATIONS            )
COMPANY LLC,                    )
a telecommunications firm;      )
                                )
         Defendants.            )
_____)

COMES NOW Plaintiff-Jorge Arroyo Pulido, by and through his attorney, Robert J. Reynolds, and alleges:

**PARTIES**

1.1   Plaintiff-Jorge Arroyo Pulido (Pulido) is a resident of Yakima, Washington.

1.2    Defendant-AFNI Inc. (AFNI) is a debt collection agency doing business in Yakima, Washington.

1.3    Defendant-Qwest Communications Company LLC (Qwest) is a telecommunications firm doing business in Yakima, Washington.

## JURISDICTION

2.1    Through this proceeding, Pulido is alleging that AFNI has violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692.  15 U.S.C. § 1692k(d) grants jurisdiction over such cases, "[to] any appropriate United States district court, without regard to the amount in controversy..." 15 U.S.C. § 1692k(d).  Thus, this Court has jurisdiction.

2.2    Additionally, a Federal District Court has supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.  The same facts which prove that ANFI violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692, prove that AFNI and Qwest violated the Washington Consumer Protection Act RCW 19.86.020 which provides additional safeguards to consumers in furtherance of the goals of the Fair Debt Collection Practices Act.  Thus this Court has supplemental jurisdiction over Pulido's Washington Consumer Protection claim.

## BACKGROUND

2.1   In summer 2007, Pulido filed for Chapter 7 Bankruptcy.

2.2   On September 14, 2007, Pulido was granted a discharge.

2.3   On that same day notice of the discharge was mailed to Qwest.

2.4   Prior to February 19, 2010, Qwest retained ANFI as its collection agent for the purpose of collecting on the account which had been discharged in bankruptcy.

2.5   On February 19, 2010, ANFI sent a collections notice to Pulido concerning the Qwest account which had been discharged in his Chapter 7 Bankruptcy.

## CLAIMS

3.1   ANFI has violated 15 USC 1692f(1) and RCW 19.16.250(18) by attempting to collect on a debt which is legally unenforceable.

3.2   AFNI has violated 15 USC 1692b(6), 15 USC 1692c(a)(2) and RCW 19.16.250(11) by communicating with Pulido after it knew that he had representation with regards to that debt.

3.3   AFNI has additionally violated RCW 19.86.020 through violating RCW 19.16.250 which is a per se violation of RCW 19.86.020.  See RCW 19.16.440.

3.4    Qwest has violated RCW 19.86.020 by retaining a collection agency to collect on a debt which could not be legally enforced.

3.    Due to ANFI's and Qwest's harassment of Pulido, Pulido is entitled to a) statutory and actual damages arising from Defendant's violation of the FDCPA and unfair business practices, b) treble damages because the Defendant have acted in bad faith, c) a reasonable attorney's fee under 15 USC 1692k(a)(3) and RCW 19.86.090 and d) injunctive relief forbidding ANFI and Qwest from attempting to collect charges for the account in question in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    For Judgment against Defendants-AFNI and Qwest for the statutory damages which is $1,000 per violation or $4,000.

2.    For compensation for attorney fees incurred investigating the legality of AFNI's and Qwest's behavior.

4.    For damages cause by the intentional infliction of emotional distress.

5.    For treble damages, pursuant to RCW 19.86.090, calculated off of the damages determined by the court.

1   6. For a reasonable attorney's fee as determined by the court pursuant to

2   15 USC 1692k(a)(3) and RCW 19.86.090.

3   7. For an injunction against Defendants-AFNI and Qwest forbidding

4   them from further attempts to collect on the account in question.

5   Dated this __15__ day of __Aug__ , __2010__ .

6

7

8   _____
9   Robert J. Reynolds WSBA #5796
10  Attorney for Plaintiff